THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN VELAYO,

    Plaintiff,

v.

CHERYL FOX, *et al.*,

    Defendants.

Case No. 23-2249-JAR-ADM

## **REPORT AND RECOMMENDATION**

Pro se plaintiff Benjamin Velayo brings this lawsuit against the Department of Veteran Affairs ("the VA") and VA employee Cheryl Fox. The court previously granted Velayo leave to proceed in forma pauperis ("IFP"). (ECF 4.) As discussed in further detail below, the court now recommends that the district judge dismiss Velayo's complaint.

**I.    Background**

Velayo's complaint states that he is bringing "[t]his case under tort" based on actions Fox took on February 6, 2019. (ECF 1, at 3.) Specifically, Velayo alleges, "On February 6, 2019, Cheryl Fox gave my address to her people or connections without my permission and that's against privacy so she have done me wrong."[1] (*Id.*) He seeks $1,000,000 from Fox and the VA because "[t]he people of Cheryl Fox" won't leave him alone. (*Id.* at 3-4.) He further concedes that he has not raised his claims in any administrative manner to the VA (or other government agency). (*Id.* at 5).

---

[1] In 2020, Velayo brought a civil-rights case alleging similar actions by Fox. But the court dismissed the case for lack of subject-matter jurisdiction because Velayo had failed to identify a civil right that defendants violated (or any other ground for federal-court jurisdiction). *Velayo v. Fox,* No. 20-2279-KHV, 2020 WL 3639808, at *1 (D. Kan. July 6, 2020). On appeal, the Tenth Circuit affirmed the dismissal. *Velayo v. Fox*, 826 F. App'x 709, 710 (10th Cir. 2020).

## II.     Legal Standards

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).  "[F]ederal courts are courts of limited subject-matter jurisdiction," and they "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quotation omitted).  The power to hear a case "can never be forfeited or waived," and therefore the court always has an independent obligation to determine whether subject-matter jurisdiction exists.  *Id.* (quotation omitted); *see also Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte.").  To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

## III.    Analysis

The court's subject-matter jurisdiction over Velayo's tort claim for damages derives from the Federal Tort Claims Act, 28 U.S.C. §§ 2401(b), 2675(a) ("FTCA").  Under the FTCA, "a tort claim against the United States is barred unless it is presented in writing to the appropriate federal

2

agency 'within two years after such claim accrues.'" *United States v. Kubrick*, 444 U.S. 111, 113, (1979) (quoting § 2401(b)). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. U.S. by Veterans Admin.,* 951 F.2d 268, 270 (10th Cir. 1991). "The requirements are jurisdictional and cannot be waived." *Id.* In other words, "timeliness is a prerequisite for subject matter jurisdiction." *Hoery v. United States*, 324 F.3d 1220, 1221.

Velayo's complaint does not indicate that Velayo presented his tort claims in writing to the VA at any time, let alone within two years of Fox's 2019 actions. Because Velayo did not present his tort claim to the VA before filing this lawsuit, the court does not have subject-matter jurisdiction to decide this dispute. Moreover, although Velayo asserts that "Fox's people" continue to harass him, he does not allege that Fox herself has taken any wrongful action since 2019. Thus, it is improbable that even if Velayo presented his claim to the VA now, that such notice would be timely under the FTCA. *Compare Hoery,* 324 F.3d 1222 ("For continuing torts, however, the claim continues to accrue as long as tortious conduct continues . . . .").

Because Velayo has failed to state a claim on which the court may grant relief, given that the court does not have subject-matter jurisdiction over his tort claim, the court recommends that Velayo's complaint be dismissed.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Velayo may file written objections to this report and recommendation within fourteen days after being served with a copy. If Velayo fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will

be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that plaintiff Benjamin Velayo's complaint be dismissed.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to Velayo via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated June 5, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
